JOSEPH D. LAW, APPELLANT, v. RAY L. GILMORE, APPELLEE.

105 N. W. 2d 595

Filed November 4, 1960. No. 34748.

*Miles N. Lee* and *Tedd C. Huston,* for appellant.

*A. Paul Johnson,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

SIMMONS, C. J.

This is an automobile accident case. Plaintiff sued for damages to his car. Defendant, denying liability, by cross-petition sued for damages to his car. The cause was tried to a jury. It was stipulated that the amount of the damage to plaintiff's car was $658.55, and the amount of damage to defendant's car was $507.76. The court submitted the issue of contributory and comparative negligence to the jury. The jury returned a verdict for the plaintiff for $458.55.

Judgment was rendered on the verdict. On defendant's motion for a new trial the judgment and verdict were set aside and a new trial was granted.

Plaintiff purportedly appeals under the rules stated in Greenberg v. Fireman's Fund Ins. Co., 150 Neb. 695, 35 N. W. 2d 772, and followed as recently as Bryant v. Greene, 166 Neb. 520, 89 N. W. 2d 579, applicable where, as here, the trial court gave no reasons for granting the new trial.

We confess some difficulty in determining from the briefs the prejudicial error which defendant contends exists in the record which justifies the decision of the trial court. It appears to resolve itself into three propositions: (1) The evidence was insufficient to submit the issue of defendant's negligence to the jury; (2) the evidence was insufficient to submit the issue of comparative negligence to the jury; and (3) evidence as to insurance was erroneously given prejudicial to the defendant.

The accident happened on a late December afternoon at the intersection of a state highway and a township road. The township road ran north and south. The state highway joined in a curved roadway running from west to north. The actual impact of the cars happened on the state highway just west of the point of the crotch of the "Y" formed by the intersection of the two roads. Plaintiff was going northeast on the curve. Defendant was going southwest at the entry of the curve. The point of impact occurred on the right half of the road or in plaintiff's lane of travel.

The evidence is in marked conflict on many matters. There is evidence, however, that would support a jury's finding that plaintiff was proceeding northeast around the curve on the left side lane, and that when he saw the defendant approaching he pulled to the right and was in his own lane of travel when the defendant ran into him.

There is evidence that fixes the defendant's speed at 65 or 70 miles per hour before the accident and the plaintiff's speed as from 35 miles per hour to a stop and a backing up started when the cars collided. There is also evidence that the defendant's car was 200 feet north of the point of impact when the plaintiff's car was 50 or 60 feet from it, and that plaintiff's car came to rest with its left rear wheel in defendant's lane of travel, coupled with evidence that plaintiff's car was pushed back into that position by the force of the impact.

Plaintiff's position here is that he is entitled to have the judgment against defendant sustained and that the trial court erred in setting it aside and granting a new trial. Defendant's position is that the court properly set aside the judgment against him and in favor of plaintiff.

There is a rule applicable here that where a party has sustained the burden and expense of a trial and has succeeded in securing the judgment of a jury on

the facts in issue, he has a right to keep the benefit of that verdict unless there is prejudicial error in the proceedings by which it was secured. Greenberg v. Fireman's Fund Ins. Co., *supra,* last followed in Gleason v. Poore, 167 Neb. 312, 92 N. W. 2d 705.

Defendant's principal argument here seems to be that the jury by reducing the stipulated amount of plaintiff's damage by approximately one-third thereby found, as a matter of law, that the plaintiff's negligence was "more than slight."

The trial court submitted to the jury the "amount of his recovery" if either party was entitled to recover from the other.

The court also submitted the issue of negligence and contributory negligence to the jury, and "* * * if you find that the plaintiff, Joseph D. Law, was guilty of slight negligence, and that the negligence of the defendant, Ray A. Gilmore, in comparison therewith was gross, then plaintiff would still be entitled to recover as to the allegations of his Petition, but in that event it will be your duty to deduct from said stipulated amount of damages such proportion thereof as you find the contributory negligence chargeable to the plaintiff bears to the entire negligence as shown by the evidence, and return a verdict for the balance only." And, likewise, "* * * if you find that the Cross-Petitioner, Ray A. Gilmore, was guilty of slight negligence, and that the negligence of the plaintiff, Joseph D. Law, in comparison therewith was gross, then the Cross-Petitioner would still be entitled to recover upon the allegations of his Cross-Petition, but in that event it will be your duty to deduct from said stipulated amount of damages such proportion thereof as you find the contributory negligence chargeable to said Cross-Petitioner bears to the entire negligence as shown by the evidence, and return a verdict for the balance only."

The giving of these instructions was not assigned as

error in the motion for a new trial. Error as to them is not claimed here by either party.

A similar situation existed in Wolfe v. Mendel, 165 Neb. 16, 84 N. W. 2d 109, where we restated the rule that instructions not complained of in such a way as to be reviewable in this court will be taken as the law of the case, and if, when tested by such instructions, the verdict is not vulnerable to the objections lodged against it, the assignments will not be sustained.

Clearly the instructions permitted the jury to do exactly what was done by it in this case.

Plaintiff in his direct examination testified that he thought the defendant telephoned the banker at Callaway about notifying the safety patrol; that the banker came and "the State Farm Insurance Agent" and "I could be wrong on that, about him being the State Farm agent * * *." This was a volunteer statement not in response to any question, no objection was made to it, nor was the trial court asked to instruct the jury about it or take other action. It is now assigned as error justifying the granting of the new trial.

Prejudice to defendant does not appear. The rule is that errors sufficient to cause the granting of a new trial must be errors prejudicial to the rights of the unsuccessful party. Greenberg v. Fireman's Fund Ins. Co., *supra,* last followed in Klein v. Wilson, 167 Neb. 779, 94 N. W. 2d 672.

Plaintiff here relies on the rule of practice promulgated in Fielding v. Publix Cars, Inc., 130 Neb. 576, 265 N. W. 726, 105 A. L. R. 1306.

The rule of practice adopted in the Fielding case does not hold that every reference to insurance in the trial of a cause is error, much less reversible error. See, also, Stephenson v. DeLuxe Parts Co., 133 Neb. 749, 277 N. W. 44; Gleason v. Baack, 137 Neb. 272, 289 N. W. 349; Lund v. Holbrook, 153 Neb. 706, 46 N. W. 2d 130; Haight v. Nelson, 157 Neb. 341, 59 N. W. 2d 576, 42 A. L. R. 2d 1.

It is difficult to see error of the trial court when its attention was not called to the evidence now objected to, and where it was not asked to strike, admonish the jury, or otherwise rule in the matter.

Assuming error on the part of the trial court, the following rules are applicable here: When testimony is offered and admitted in evidence without objection being made thereto, error cannot be predicated thereon on appeal. This rule applies to the district court when reviewing its own proceedings on motion for a new trial. Vielehr v. Malone, 158 Neb. 436, 63 N. W. 2d 497.

A party is not permitted to proceed with the trial without objection and speculate on the outcome of the jury's verdict, and, if unfavorable, contend that a mistrial should have been declared, when he did not ask for the same at the time. Segebart v. Gregory, 160 Neb. 64, 69 N. W. 2d 315.

The other contentions of the parties have been reviewed. We find them to be without merit.

The judgment of the trial court is reversed and the cause remanded with directions to reinstate the judgment based on the jury's verdict.

REVERSED AND REMANDED WITH DIRECTIONS.