E. M. BURNEY, APPELLEE, V. LINDA EHLERS, APPELLANT.
173 N. W. 2d 398

Filed January 9, 1970. No. 37305.

Blevens and Bartu, for appellant.

Healey & Healey and Kenneth A. Legg, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

BOSLAUGH, J.

The plaintiff's 1960 Dodge automobile was damaged when it collided with a truck operated by the defendant, Linda Ehlers. This action was brought to recover the damages resulting from the accident.

A jury was waived and the trial court found that the plaintiff should recover $206.91. The defendant's motion for new trial was overruled and she has appealed.

The accident happened on U. S. Highway No. 34 just west of Utica, Nebraska, at about 4 p.m., on October 21, 1967. The weather was clear and the sun was shining. The plaintiff was traveling west and driving about 35 or 40 miles per hour. When the plaintiff was 2 or 3 blocks east of the main entrance to Utica he saw the truck operated by the defendant drive onto the highway and turn west. The truck was traveling about 10 miles per hour.

About 1 block west of the main entrance to Utica, as the plaintiff started to pass the truck, the defendant turned left into a private driveway. The plaintiff turned onto the shoulder and applied his brakes but was unable to stop. The right front of the plaintiff's automobile collided with the left front of the truck.

The plaintiff testified that he saw no turn signal of any kind. The defendant testified that she turned the signal lights on "almost immediately" after she entered

the highway. She also testified that she had seen the plaintiff's automobile behind her but did not look to the left or to the rear as she started to turn.

The trial court found "that plaintiff was contributorily negligent but that his negligence was slight in comparison with gross negligence of defendant under the circumstances."

The plaintiff alleged that his damages were $275.88 and introduced a written estimate or statement of repairs in that amount which was received without objection. In offering the exhibit, plaintiff's counsel stated that if the repairman were called "he would testify this was the amount of the damage."

The defendant contends that the trial court found that the plaintiff's contributory negligence was 25 percent in a comparative degree and that this should bar the plaintiff's recovery as a matter of law. The argument assumes that the amount of the plaintiff's recovery was reduced 25 percent because of contributory negligence.

When a damaged automobile can be repaired and restored substantially to its original condition, the reasonable cost of the repair is a proper measure of damage. Wylie v. Czapla, 168 Neb. 646, 97 N. W. 2d 255. The estimate or statement of repairs introduced by the plaintiff in this case was some evidence of the cost of repairs. The parties did not stipulate as to the fair and reasonable value of the labor and material necessary to repair the damaged automobile or as to the amount of the plaintiff's damages. The record shows only no objection to the offer of the exhibit.

Opinion evidence as to value is generally not binding on the trier of fact, even when it is not met by opposing proof. Grimminger v. Cummings, 176 Neb. 142, 125 N. W. 2d 613. The trial court in this case was not bound to accept the plaintiff's evidence as conclusive of the value of the repairs to the plaintiff's 1960 Dodge automobile.

Under the comparative negligence statute, section 25-

1151, R. R. S. 1943, the negligence of the parties is to be compared, and the plaintiff cannot recover unless the contributory negligence of the plaintiff is slight and the negligence of the defendant is gross in comparison therewith. Morrison v. Scotts Bluff County, 104 Neb. 254, 177 N. W. 158. Any contributory negligence of the plaintiff is to be considered in the mitigation of damages in proportion to the amount of contributory negligence attributable to the plaintiff. § 25-1151, R. R. S. 1943.

A comparison of the negligence of the two parties involved in an accident cannot be easily translated into a mathematical ratio. This court has never adopted a rule that contributory negligence of more than a certain percent will bar recovery as a matter of law. The statute does not contemplate such a rule and we do not believe that the adoption of such a rule would further the administration of justice.

The evidence sustains the judgment of the district court and it is affirmed.

AFFIRMED.