198 N.W.2d 199 (1972)
188 Neb. 550
Burton RISTINE, Appellee,
v.
GEIGY AGRICULTURAL CHEMICALS, DIVISION OF GEIGY CHEMICAL CORPORATION, et al., Appellants.
No. 38264.
Supreme Court of Nebraska.
June 2, 1972.
*200 Stewart & Stewart, Lexington, Yegge, Hall, Treece & Evans, Raymond J. Connell, Denver, Colo., for appellants.
Beatty, Morgan & Vyhnalek, North Platte, for appellee.
Heard before WHITE, C. J., BOSLAUGH, McCOWN and CLINTON, JJ., and WARREN, District Judge.
BOSLAUGH, Justice.
This is an action for damages for the loss of a corn crop. The jury returned a verdict for the plaintiff in the amount of $1,545. The defendants appeal.
The plaintiff farms near Gothenburg, Nebraska. The defendants manufacture and sell Atrazine, a chemical used for weed control. In 1965, the plaintiff applied Atrazine to part of a 60-acre field of corn. The plaintiff claimed the Atrazine destroyed the corn.
There was evidence from which the jury could find that Paul Bergman, an agent of the defendants, talked with Marvin Harms, an employee of the Gothenburg Co-op, early in 1965. Bergman told Harms he was interested in having some farmers apply Atrazine with starter fertilizer. Later Bergman left sample bags of Atrazine with Harms to be distributed to farmers who would apply it this way.
On or about May 4, 1965, the plaintiff talked with Harms about starter fertilizer. He mentioned that he had a weed problem and Harms told him that a representative of the defendants had left samples of Atrazine to be applied with starter fertilizer. The plaintiff purchased 45 pounds of Atrazine and Harms gave him two 5-pound bags of Atrazine. Harms told the plaintiff to mix the Atrazine with water and add it to liquid fertilizer in the pressure tanks on his lister.
The plaintiff followed the instructions given by Harms and applied the 55 pounds of Atrazine to 55 acres, leaving approximately 5 acres untreated. By the end of May it was apparent that the corn was damaged where Atrazine had been applied. The untreated corn appeared to be "real good." The plaintiff then notified Harms who in turn notified the defendants.
The plaintiff was allowed to testify over objection that Harms said Bergman had told Harms the Atrazine was to be applied with starter fertilizer. Defendants claim the hearsay rule is applicable. The evidence was admissible to show that the statement had been made to the plaintiff and that he relied on it. The representations *201 and reliance thereon were part of the facts to be proved. The hearsay rule was not applicable. See, VI Wigmore on Evidence, s. 1766, p. 177, and s. 1789, p. 235; McCormick on Evidence, s. 228, p. 463. There was evidence in the record of Bergman's authority and evidence that Bergman should have expected and anticipated that his statements would be transmitted to the customer for the purpose of promoting the sale of Atrazine. Harms had testified previously as to his conversation with Bergman, and the plaintiff testified as to his conversation with Harms.
The defendants claimed, and there was evidence which tended to prove, that the Atrazine had been improperly applied in that it was sprayed directly on the seed with the fertilizer solution; that it was applied in excessive amounts; and that the plaintiff was negligent in failing to read the label on the containers. However, the plaintiff's evidence was that he applied the Atrazine in accordance with the instructions of the defendants as relayed to him by Harms. This conflict in the evidence presented a question for the jury. When considered in the light most favorable to the plaintiff, and all conflicts are resolved in his favor, the evidence is sufficient to sustain the verdict and judgment.
The defendants complain that the trial court failed to instruct on their theory of the case. Instruction No. 2 advised the jury that the defendants claimed the plaintiff was negligent and had failed to comply with the instructions and warnings printed on the container labels. Instruction No. 4 required the jury to find that the plaintiff had relied upon the representations of the defendants as to the application of Atrazine with starter fertilizer before a verdict could be returned for the plaintiff. The jury was further advised that if the plaintiff had negligently failed to follow the instructions on the label, that must be considered in accordance with the comparative negligence instruction. In the absence of a request for more detailed instructions, these instructions were adequate under the circumstances to state the defendants' theory of the case.
The parties stipulated that the plaintiff's damages were $2,006.70. The defendants claim that the verdict in the amount of $1,545 amounts to a finding that the plaintiff was guilty of negligence more than slight. A similar contention was considered and rejected in Burney v. Ehlers, 185 Neb. 51, 173 N.W.2d 398.
The evidence disclosed that the corn was planted on rented land and that the landowner's share of the crop was 40 percent. The defendants contend that the verdict should have been reduced accordingly. The plaintiff testified that he had made a settlement with the landowner for the landowner's share of the loss. Under these circumstances the plaintiff was entitled to recover the entire damages. See, also, § 25-304, R.R.S.1943; Brown v. Globe Laboratories, Inc., 165 Neb. 138, 84 N.W.2d 151.
The judgment of the district court is affirmed.
Affirmed.