DUANE L. STACK, APPELLANT AND CROSS-APPELLEE, V. JAMES M. SOBCZAK, PERSONAL REPRESENTATIVE OF THE ESTATE OF RAMONA L. SOBCZAK, DECEASED, APPELLEE AND CROSS-APPELLANT.

497 N.W.2d 374

Filed March 26, 1993.   No. S-90-1028.

Nicholas J. Lamme, of Yost, Schafersman, Yost, Lamme, Hillis & Mitchell, P.C., for appellant.

Donald D. Schneider, P.C., for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, FAHRNBRUCH, and LANPHIER, JJ.

FAHRNBRUCH, J..

In this motorcycle-automobile collision case, the jury specifically found that the accident was proximately caused by

the combined negligence of the operator of each vehicle. The jury attributed 40 percent of the combined negligence to the plaintiff motorcycle operator, Duane L. Stack, and 60 percent to the automobile operator, Ramona L. Sobczak.

The jury also made a special finding that "in comparing the negligence of Duane Stack and Ramona Sobczak . . . Duane Stack was guilty of slight negligence and . . . the negligence of Ramona Sobczak was gross in comparison."

Because it is self-evident from the jury's special findings that the jury found each vehicle operator negligent in a degree more than slight as compared to the other vehicle operator's negligence and to a degree sufficient to defeat any right of recovery by either operator, we affirm the judgment of the district court for Dodge County in granting the motion of the personal representative of Sobczak's estate for judgment notwithstanding the verdict and in dismissing the case.

The accident involved here occurred on U.S. Highway 30 in Fremont when an eastbound motorcycle being operated by Stack collided with an automobile making a left turn from a westbound lane into the parking lot of a Payless shoe store. The automobile was operated by Sobczak, who later died of causes not related to the accident. Stack sued the personal representative of Sobczak's estate for his damages allegedly resulting from the accident. The personal representative received an assignment from Sobczak's husband and filed a counterclaim for damage to the Sobczak automobile and for alleged medical expenses for Sobczak's two children, who were riding in the Sobczak automobile.

The trial of the case was bifurcated. Only the issue of liability was submitted to the jury. In addition to finding that 40 percent of the negligence was attributable to Stack and 60 percent to Sobczak, the jury further answered "no" to each of the following questions: (1) Was the negligence of Stack, when compared with the negligence of Sobczak, more than slight? and (2) was the negligence of Sobczak, when compared to the negligence of Stack, less than gross? Finally, the jury found that "in comparing the negligence of Duane Stack and Ramona Sobczak . . . Duane Stack was guilty of slight negligence and . . . the negligence of Ramona Sobczak was gross in comparison."

As previously stated, the trial court granted the personal representative's motion for judgment notwithstanding the verdict, holding that "a finding of negligence of 40 percent is as a matter of law a finding that [Stack] was guilty of more than slight negligence and in a degree sufficient to defeat any right of recovery herein." The trial court dismissed the case. Costs were taxed to Stack. He appealed to this court, and Sobczak's personal representative cross-appealed.

In his appeal, Stack claims that the trial court erred in (1) sustaining the motion for judgment notwithstanding the verdict filed by Sobczak's personal representative and (2) ruling that the jury's finding of Stack's negligence of 40 percent is, as a matter of law, a finding that Stack was guilty of more than slight negligence and in such a degree as to defeat his recovery.

When reviewing a question of law, an appellate court is obliged to reach a conclusion independent of the trial court's rulings. *Dowd v. First Omaha Sec. Corp.*, 242 Neb. 347, 495 N.W.2d 36 (1993).

This court has refused to adopt a rule that contributory negligence of more than a certain percentage will bar recovery as a matter of law. See, *Nickal v. Phinney*, 207 Neb. 281, 298 N.W.2d 360 (1980); *C. C. Natvig's Sons, Inc. v. Summers*, 198 Neb. 741, 255 N.W.2d 272 (1977). However, when it was self-evident that a jury had reduced the amount of a plaintiff's recovery to the extent of 45 percent, this court held that such a reduction "clearly indicates the jury found decedent to have been guilty of more than slight negligence and in a degree sufficient to defeat any right of recovery herein." *Guerin v. Forburger*, 161 Neb. 824, 840, 74 N.W.2d 870, 880 (1956). In the case at bar, it is self-evident that the jury found the operator of each vehicle guilty of more than slight negligence and to a degree sufficient to defeat any right of recovery. Therefore, we hold that when the record clearly indicates that a jury has found a claimant to have been guilty of more than slight negligence and in a degree sufficient to defeat any right of recovery, it is proper for the trial judge to sustain a motion for judgment notwithstanding a favorable plaintiff's verdict. This rule is limited to the facts and law as they existed at the time this case was tried.

The trial court was correct in granting the motion for judgment notwithstanding the verdict filed by Sobczak's personal representative and in dismissing the case. The personal representative's assignments of error on his cross-appeal were pled in the alternative, and the personal representative requested that they be considered only in the event that Stack's appeal was sustained by this court. Since we do not sustain Stack's appeal, it is not necessary to discuss the personal representative's cross-appeal.

AFFIRMED.

WHITE, J., dissenting.

This case demonstrates that the use of a special verdict form in negligence cases will, as often as not, produce answers to special verdict questions inconsistent with the results as announced by the jury. The majority has seized on one wing of the inconsistencies, that of finding that the plaintiff was negligent and that the negligence was proximately responsible for 40 percent of the damages sustained. The majority ignored the answer to the other question, in which the jury specifically found that the plaintiff's negligence was slight in comparison to the defendant's negligence, which was gross.

In doing so, it relies on the case of *Guerin v. Forburger*, 161 Neb. 824, 74 N.W.2d 870 (1956), in which the court makes a gratuitous observation that since the damage to the automobile was in the amount of $1,250 and the jury returned a verdict of $687.50, 45 percent was more than slight as a matter of law. In that case there was no special verdict. Inherent in the verdict was a finding that the negligence of the plaintiff was slight in comparison to the defendant's negligence.

In subsequent cases this court rejected the automatic rule, stating that

"[a] comparison of the negligence of the two parties involved in an accident cannot be easily translated into a mathematical ratio. This court has never adopted a rule that contributory negligence of more than a certain percent will bar recovery as a matter of law. *The statute does not contemplate such a rule and we do not believe that the adoption of such a rule would further the*

*administration of justice."*
(Emphasis supplied.) *Nickal v. Phinney*, 207 Neb. 281, 283, 298 N.W.2d 360, 362 (1980), quoting *Burney v. Ehlers*, 185 Neb. 51, 173 N.W.2d 398 (1970). It should also be noted that in *Nickal v. Phinney* the basis for the court's decision in *Guerin v. Forburger* was removed when, in response to an attempt to question the holding in *Cullinane v. Milder Oil Co.*, 174 Neb. 162, 116 N.W.2d 25 (1962), the court stated that

> this court pointed out that the jury was not obliged to accept the undisputed testimony of the plaintiff or his doctor to the full extent of the damages claimed and that the determination of the amount of the damages after application of a comparative negligence instruction is for the jury.

*Nickal v. Phinney*, 207 Neb. at 283, 298 N.W.2d at 362.

The basis for the *Guerin v. Forburger* rule has been destroyed. The proposition that there is a level at which negligence is more than slight as a matter of law has never been the law in this state, and if it ever had been, it died in the next case in which this court considered the percentage argument.

In my view, the trial court's decision should have been reversed and the verdict reinstated or, in the alternative if that were unacceptable, returned to the district court for retrial in view of the inconsistencies in the special verdict form.

SHANAHAN and LANPHIER, JJ., join in this dissent.