LES M. HAUSSE AND HOLLY L. HAUSSE, APPELLEES, v. KRISTOPHER T. KIMMEY, A MINOR, ET AL., APPELLEES, AND JOHN C. HOAGLAND, APPELLANT.

524 N.W.2d 567

Filed December 9, 1994. No. S-93-319.

Richard L. Walentine and Eric L. Klanderud, of Walentine, O'Toole, McQuillan & Gordon, for appellant.

Dwight E. Steiner, of Fraser, Stryker, Vaughn, Meusey, Olson, Boyer & Bloch, P.C., for appellees Kimmey et al.

HASTINGS, C.J., WHITE, CAPORALE, FAHRNBRUCH, LANPHIER, and WRIGHT, JJ., and BOSLAUGH, J., Retired.

HASTINGS, C.J.

John C. Hoagland appeals from the district court's denial of his motion for judgment notwithstanding the verdict and for a new trial. Hoagland sought a new trial on his cross–claim against his codefendants Kristopher T. Kimmey, a minor, and Kimmey's parents, Edward D. and Barbara S. Kimmey, in a negligence action initiated by Les M. and Holly L. Hausse.

When reviewing a question of law, an appellate court reaches a conclusion independent of the trial court's rulings. *Stack v. Sobczak*, 243 Neb. 78, 497 N.W.2d 374 (1993).

Hoagland assigns as error that the district court (1) failed to sustain his posttrial motions; (2) failed to hold Hoagland's negligence only slight, as a matter of law, in accordance with the jury's special finding that he was 15 percent negligent; (3) failed to grant Hoagland's motion for judgment notwithstanding the verdict when the record indicates that Hoagland was guilty of only slight negligence and Kimmeys' negligence was gross in comparison; (4) failed to enter judgment in accordance with the special finding as mandated by Neb. Rev. Stat. § 25–1120 (Reissue 1989); and (5) failed to grant Hoagland's motion for a new trial when the general verdicts and special finding were inconsistent and a product of jury misconduct.

This appeal arises from an action filed by the Hausses against Kristopher Kimmey, a minor; Edward and Barbara Kimmey, Kristopher's parents; and Hoagland. The Hausses alleged that on December 24, 1990, Kristopher Kimmey lost control of his

vehicle while making a turn at Cedardale and 60th Street in Sarpy County, and went off the road and through a fence. The damage to the fence allowed two horses, owned by the Hausses, to escape from the enclosed field. One of the horses was found and returned. Another horse, Ship Bar Doolin, wandered onto nearby Highway 370. Hoagland, while driving his vehicle on Highway 370, struck Ship Bar Doolin. The collision killed the horse.

The Hausses alleged that Kristopher Kimmey acted negligently in failing to keep his vehicle under reasonable control, operating his vehicle at an excessive speed, failing to repair the damaged fence in order to keep the horses contained in the field, and failing to provide timely notice to the owner of the property. The Hausses alleged that Kristopher Kimmey's parents shared responsibility because he operated the vehicle with their knowledge, consent, and permission. The Hausses also alleged that Hoagland was negligent in failing to keep his vehicle under reasonable control, failing to keep proper lookout, and operating his vehicle at an excessive speed. The Hausses sought $6,000 in general and special damages.

Hoagland filed a counterclaim against the Hausses. Hoagland alleged that the Hausses acted negligently in failing to exercise reasonable care in confining their horses, failing to maintain the fence in proper condition, failing to prevent their horses from being unattended on a highway, failing to round up and confine their horses, and failing to warn that their horses were loose and unattended. Hoagland sought dismissal of the petition and $4,864.63 in damages for the physical injuries to himself and the damage to his vehicle caused by the collision with Ship Bar Doolin.

Hoagland also filed a cross–claim against the Kimmeys. Hoagland alleged imputed negligence of Kristopher Kimmey to his parents. In the cross–claim, Hoagland alleged that the Kimmeys acted negligently in failing to keep the vehicle under reasonable control, operating the vehicle at an excessive speed, striking and penetrating a fence while knowing that the horses contained therein might escape and wander, failing to take proper measures to repair the fence while knowing that the fence served to contain the horses, failing to provide timely

notice to the Hausses and authorities, and leaving the scene of the accident before notifying authorities. Hoagland sought $4,864.63 for damages sustained from the collision with Ship Bar Doolin.

After the Hausses rested their case, the Kimmeys and Hoagland both moved for directed verdicts against the Hausses. The court denied both motions. After the close of all evidence, the Hausses moved for a directed verdict against Hoagland's counterclaim. The Kimmeys also moved for a directed verdict against Hoagland's cross-claim. The court granted the Hausses' motion for a directed verdict as to Hoagland's counterclaim, but denied the Kimmeys' motion as to Hoagland's cross-claim.

The jury returned a general verdict in favor of the Hausses for $3,000 against both the Kimmeys and Hoagland. The jury also returned a verdict in favor of the Kimmeys and against Hoagland on his cross-claim.

The court then, with the record being silent as to any request, assent, or reason, read the jury a special instruction. The special instruction stated:

> You have found both defendants to be negligent. You have one more task to perform and that is to decide what percentage of negligence each defendants' negligence bears to the entire negligence.

> Please determine, by completing the Special Finding form, their respective percent of the negligence that caused the damages to the plaintiffs, remembering that the total must equal 100%.

The jury returned a special finding that the Kimmeys' negligence represented 85 percent of the entire negligence and Hoagland's negligence represented 15 percent of the entire negligence. The court then entered judgment against Hoagland on his counterclaim and cross-claim and ordered the same dismissed. The court also entered judgment in favor of the Hausses, awarding them $3,000 against the Kimmeys and Hoagland jointly and severally. No judgment was entered on the special verdict.

Hoagland then filed a motion for judgment notwithstanding the verdict and motion for a new trial. Hoagland moved the

court to vacate and set aside the verdict dismissing his cross–claim against the Kimmeys, enter a partial judgment for Hoagland on his cross–claim as to liability, and order a new trial as to Hoagland's cross–claim to assess damages. Hoagland claimed that the dismissal of his cross–claim was the result of irregularity in jury proceedings, jury misconduct, a verdict not supported by sufficient evidence, a verdict contrary to the law, and an error of law at trial. The court denied Hoagland's motion for a new trial. No ruling appears of record as to the motion for judgment notwithstanding the verdict.

We can only consider Hoagland's motion for a new trial because the motion for judgment notwithstanding the verdict is not properly before us. Hoagland's failure to move for a directed verdict at the close of all the evidence procedurally bars consideration of his motion for judgment notwithstanding the verdict. *Palmtag v. Gartner Constr. Co.*, 245 Neb. 405, 513 N.W.2d 495 (1994).

Hoagland's remaining assignments of error overlap and can be summarized into one argument. Hoagland contends that the trial court erred in denying his motion for a new trial because the jury's special finding that his negligence amounted to 15 percent of the entire negligence toward the Hausses was only slight negligence as a matter of law. Thus, Hoagland argues that the general verdict dismissing his cross–claim against the Kimmeys is fatally inconsistent with the special finding regarding the plaintiff's petition. Hoagland must show that the special finding is in irreconcilable conflict with the general verdict. See *Kafka v. Union Stock Yards Co.*, 78 Neb. 140, 110 N.W. 672 (1907).

Hoagland relies on *Stack v. Sobczak*, 243 Neb. 78, 497 N.W.2d 374 (1993), to argue that a special finding of 15 percent negligence is evidence of slight negligence as a matter of law. In *Stack*, the jury attributed 40 percent of the combined negligence to the plaintiff in a motorcycle–automobile collision case. The jury also made a special finding that the plaintiff was guilty of slight negligence and the defendant of gross negligence in comparison. The district court granted defendant's motion for judgment notwithstanding the verdict, and we affirmed, holding: "In the case at bar, it is self-evident that the jury found

the operator of each vehicle guilty of more than slight negligence and to a degree sufficient to defeat any right of recovery." *Id.* at 80, 497 N.W.2d at 376. In *Stack*, however, we also refused to adopt a rule that contributory negligence of more than a certain percentage bars recovery as a matter of law. Furthermore, we expressly limited the holding to its facts and the law in existence at that time.

In the present case, it is not self-evident that the jury found Hoagland only slightly negligent. The jury found that Hoagland and the Kimmeys were liable to the Hausses. Then in a second verdict, the jury found that the Kimmeys were not liable to Hoagland. Last, under a special finding, the jury determined the level of both defendants' negligence as to the Hausses, after being instructed by the court without any apparent authority to make a finding in that regard. In any event, it is not inconsistent for the jury to consider that Hoagland could be 15 percent negligent to the Hausses and more than slightly negligent as to his own damages. The jury clearly made two independent general verdicts and a special finding to the Hausses' successful petition. Thus, the general verdict on the cross-claim does not irreconcilably conflict with the special finding on the Hausses' petition.

Hoagland also misplaces his reliance on *Law v. Gilmore*, 171 Neb. 112, 105 N.W.2d 595 (1960). In *Law*, the defendant argued that the plaintiff's negligence was more than slight, as a matter of law, because the jury reduced plaintiff's damages by approximately one-third. We did not base our holding on this argument. We reversed the lower court because it granted a new trial based on testimony admitted in evidence without an objection. In *Law*, we did not make a holding regarding the jury's special findings.

Hoagland's argument rests entirely upon his assertion that 15 percent negligence is only slight as a matter of law. This court has never adopted a rule that contributory negligence of a certain percent bars recovery as a matter of law. The comparative negligence statute does not contemplate translating negligence into a mathematical ratio and such a rule would not further the administration of justice. See, *Stack v. Sobczak, supra*; *Nickal v. Phinney*, 207 Neb. 281, 298 N.W.2d

360 (1980); *Burney v. Ehlers*, 185 Neb. 51, 173 N.W.2d 398 (1970).

The trial court was correct in denying Hoagland's motion for a new trial. No attack has been made on the giving of the instruction requiring an allocation of fault.

The judgment of the district court is affirmed.

AFFIRMED.