THE LAW OFFICES OF RONALD J. PALAGI, P.C.,
A NEBRASKA PROFESSIONAL CORPORATION, APPELLANT, V.
DAN DOLAN, NEBRASKA COMMISSIONER OF LABOR,
AND JEAN V. FAULCONBRIDGE, APPELLEES.

558 N.W.2d 303

Filed January 10, 1997.   No. S-95-134.

Michael A. Nelsen, of Dixon & Dixon Ltd., L.L.P., for appellant.

John F. Sheaff and John H. Albin for appellee Dolan.

Mary Lou Perry, of Betterman Katelman & Hotz, for appellee Faulconbridge.

WHITE, C.J., CAPORALE, WRIGHT, CONNOLLY, and GERRARD, JJ., and BURKHARD and CASSEL, D. JJ.

CASSEL, D.J.

The Law Offices of Ronald J. Palagi, P.C., appeals from the judgment of the district court affirming the decision of the Nebraska Appeal Tribunal granting unemployment compensation benefits to Jean V. Faulconbridge without disqualification. Because the district court committed plain error by applying the wrong standard of review, we reverse, and remand for reconsideration applying the proper standard.

This appeal was originally filed with the Nebraska Court of Appeals. We removed the case to this court's docket pursuant to statutory authority to regulate the caseloads of the appellate courts.

### STANDARD OF REVIEW

In an appeal from the Nebraska Appeal Tribunal to the district court regarding unemployment benefits, that court conducts the review de novo on the record; but on review by the Court of Appeals or the Supreme Court, the judgment of the district court may be reversed, vacated, or modified for errors appearing on the record. *Dolan v. Svitak*, 247 Neb. 410, 527 N.W.2d 621 (1995). See Neb. Rev. Stat. §§ 48-638 (Reissue 1993) (subsequently amended as set forth in § 48-638 (Cum. Supp. 1996)) and 84-917 and 84-918 (Reissue 1994).

When reviewing an order for errors appearing on the record, the inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable. *Dolan v. Svitak, supra; Lee v. Nebraska*

*State Racing Comm.*, 245 Neb. 564, 513 N.W.2d 874 (1994). However, when reviewing a question of law, an appellate court reaches a conclusion independent of the district court's ruling. *Hausse v. Kimmey*, 247 Neb. 23, 524 N.W.2d 567 (1994).

Plain error exists where there is an error, plainly evident from the record but not complained of at trial, which prejudicially affects a substantial right of a litigant and is of such a nature that to leave it uncorrected would cause a miscarriage of justice or result in damage to the integrity, reputation, and fairness of the judicial process. *In re Estate of Morse*, 248 Neb. 896, 540 N.W.2d 131 (1995); *Long v. Hacker*, 246 Neb. 547, 520 N.W.2d 195 (1994). Plain error may be asserted for the first time on appeal or be noted by an appellate court on its own motion. *Long v. Hacker, supra.*

## ASSIGNMENTS OF ERROR

The appellant asserts that the district court erred in upholding the decision of the Nebraska Appeal Tribunal and that the decision was not based on relevant evidence and did not correspond to applicable law.

## ANALYSIS

We need not discuss the specific facts appearing in the record in order to dispose of this appeal. The district court order affirming the administrative decision stated:

The decision of the Nebraska Appeals [sic] Tribunal is correct and the same should be and is hereby affirmed.

The Court specifically finds that said decision was not in violation of any constitutional provisions or was in excess of the statutory authority or jurisdiction of the agency.

The Court further finds that it was made upon a lawful procedure and according to law and further, this decision is not affected by any other error of law.

The Court specifically finds that the decision *was supported by competent, material and substantial evidence in view of the entire record as made on review and that said decision was neither arbitrary nor capricious.*

In arriving at the decision, the Court considered that the evidence was in conflict and the Court gives weight to the

fact that the agency hearing examiner observed the witnesses and accepted one version of the facts rather than another.

(Emphasis supplied.)

The district court erroneously limited its review. For review proceedings commenced before July 1, 1989, § 84-917(6)(a) specifically limits the district court's review. See *Haeffner v. State*, 220 Neb. 560, 371 N.W.2d 658 (1985). The standard used by the district court in this case precisely follows the former limited standard of review.

However, for review proceedings commenced on or after July 1, 1989, § 84-917(5)(a) specifies that the district court review shall be de novo on the record.

In *Bell Fed. Credit Union v. Christianson*, 237 Neb. 519, 522-23, 466 N.W.2d 546, 549 (1991), this court observed:

It is a logical impossibility for this court to review the district court judgment for errors appearing on the record if the district court incorrectly limited its review and, thus, failed to make factual determinations, as it must under a de novo on the record review. The district court's and this court's standards of review are interdependent.

This review proceeding was commenced after July 1, 1989. The district court was therefore obliged to make an independent determination of the facts without reference to the determinations of fact made by the Nebraska Appeal Tribunal, whose decision was being reviewed. See *Department of Health v. Grand Island Health Care*, 223 Neb. 587, 391 N.W.2d 582 (1986).

However, where the evidence is in conflict, the district court, in applying a de novo standard of review, can consider and may give weight to the fact that the agency hearing examiner observed the witnesses and accepted one version of the facts rather than another. See *Dieter v. State*, 228 Neb. 368, 422 N.W.2d 560 (1988) (review of administrative proceeding by Supreme Court de novo on record). As stated in *Department of Health v. Lutheran Hosp. & Homes Soc.*, 227 Neb. 116, 117, 416 N.W.2d 222, 223 (1987), when an appellate court makes a de novo review, it "does not mean that [the court] ignore[s] the findings of fact made by the board and the fact that it saw and

heard the witnesses who appeared before the board at its hearing." These decisions do not constitute a directive to courts which make de novo reviews that the courts must give deference to the agency as fact finder. The language is permissive; the reviewing court may give weight to the fact that the agency hearing officer observed the witnesses where the evidence is in conflict.

That the appellant did not assign this error is of no matter. While Neb. Rev. Stat. § 25-1919 (Reissue 1995) and Neb. Ct. R. of Prac. 9D(1)d (rev. 1996) provide that consideration of the cause on appeal is limited to errors assigned and discussed by the parties, that same statute and rule permit the Court of Appeals or Supreme Court to note any plain error not assigned. See *Cockle v. Cockle*, 204 Neb. 88, 281 N.W.2d 392 (1979).

We hold that the district court's application of the former limited standard of review constitutes plain error and requires that the cause be remanded to the district court for Douglas County for a de novo review of the record.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.