Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
12/16/2022 08:05 AM CST

- 502 -

Nebraska Supreme Court Advance Sheets
312 Nebraska Reports
KINGERY CONSTR. CO. v. 6135 O ST. CAR WASH
Cite as 312 Neb. 502

Kingery Construction Co., appellee,
v. 6135 O Street Car Wash, LLC,
a Nebraska limited liability
company, appellant.

___ N.W.2d ___

Filed September 23, 2022.    No. S-21-797.

1. **Arbitration and Award.** Whether a stay of proceedings should be granted and arbitration required is a question of law.
2. **Judgments: Appeal and Error.** When reviewing questions of law, an appellate court has an obligation to resolve the questions independently of the conclusion reached by the trial court.
3. **Jurisdiction: Appeal and Error.** Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it, and this is so even where neither party has raised the issue.
4. **Arbitration and Award: Final Orders: Appeal and Error.** A court order staying an action pending arbitration is a final, appealable order because it affects a substantial right and is made in a special proceeding.
5. **Federal Acts: Arbitration and Award: Contracts.** If arbitration arises from a contract involving interstate commerce, it is governed by the Federal Arbitration Act.
6. ____: ____: ____. The Federal Arbitration Act, 9 U.S.C. § 2 (2018), preempts inconsistent state laws that apply solely to the enforceability of arbitration provisions in contracts evidencing a transaction involving interstate commerce.
7. ____: ____: ____. Under the Federal Arbitration Act, 9 U.S.C. § 3 (2018), the court in which a suit or proceeding is pending, upon being satisfied that the issue involved in the suit or proceeding is referable to arbitration under an agreement in writing for arbitration, shall on application of one of the parties stay the trial of the action until

- 503 -

Nebraska Supreme Court Advance Sheets
312 Nebraska Reports
KINGERY CONSTR. CO. v. 6135 O ST. CAR WASH
Cite as 312 Neb. 502

arbitration has been had in accordance with the terms of the agreement, provided the applicant for the stay is not in default in proceeding with arbitration.

8. **Arbitration and Award.** Under the Federal Arbitration Act, 9 U.S.C. § 4 (2018), the court shall hear the parties and, upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement.

9. **Judgments: Intent: Words and Phrases.** While the doctrine of stare decisis is entitled to great weight, it was never intended to indefinitely perpetuate erroneous decisions.

10. **Waiver: Words and Phrases.** "Waiver" of a right is voluntary and intentional relinquishment of a known right, privilege, or claim, and may be demonstrated by or inferred from a person's conduct.

Appeal from the District Court for Lancaster County: Lori A. Maret, Judge. Reversed and remanded for further proceedings.

Jordan W. Adam, of Fraser Stryker, P.C., L.L.O., for appellant.

Brian S. Koerwitz, of Endacott, Peetz, Timmer & Koerwitz, P.C., L.L.O., for appellee.

Miller-Lerman, Cassel, Stacy, Funke, Papik, and Freudenberg, JJ., and Hall, District Judge.

Funke, J.
## INTRODUCTION
Kingery Construction Co. (Kingery) sued 6135 O Street Car Wash, LLC (OSCW), for breach of contract and later moved to stay the case for arbitration under 9 U.S.C. § 3 (2018) of the Federal Arbitration Act (FAA). OSCW opposed Kingery's motion, arguing that Kingery waived its right to arbitration by its litigation-related conduct. The district court found that there was no waiver because OSCW was not prejudiced by Kingery's conduct. In so finding, the district court relied on our decision

- 504 -

Nebraska Supreme Court Advance Sheets
312 Nebraska Reports
KINGERY CONSTR. CO. v. 6135 O ST. CAR WASH
Cite as 312 Neb. 502

in *Good Samaritan Coffee Co. v. LaRue Distributing*,[1] which adopted a three-part test of waiver based on litigation-related conduct used by the U.S. Court of Appeals for the Eighth Circuit. OSCW appealed. While the appeal was pending, the U.S. Supreme Court ruled in *Morgan v. Sundance, Inc.*,[2] that the Eighth Circuit erred in conditioning a waiver of the right to arbitration on a showing of prejudice. In light of *Morgan*, we reverse, and remand for further proceedings.

## BACKGROUND

OSCW and Kingery entered a $2,087,092 agreement for the construction of a carwash in Lincoln, Nebraska, on March 30, 2020. They based their agreement on the 2017 version of the American Institute of Architects' "Standard Abbreviated Form of Agreement Between Owner and Contractor."

Section 5.1 of the agreement provides, "Arbitration pursuant to Section 21.6 of this Agreement" shall be the method of binding dispute resolution "[f]or any claim subject to, but not resolved by, mediation pursuant to Section 21.5."

Section 21.6, in turn, requires that arbitration be administered by the American Arbitration Association (AAA) in accordance with the "Construction Industry Arbitration Rules" in effect on the date of the agreement, unless the parties agree otherwise. Section 19.2 further prescribes that the FAA "shall govern Section 21.6" if the parties select arbitration as their method of binding dispute resolution.

In addition, § 21.3, captioned "Time Limits on Claims," requires that the parties commence all claims and causes of action against each other arising out of or related to the agreement "in accordance with the requirements of the final dispute resolution method selected in this Agreement . . . within the

---

[1] *Good Samaritan Coffee Co. v. LaRue Distributing*, 275 Neb. 674, 748 N.W.2d 367 (2008).

[2] *Morgan v. Sundance, Inc.*, ___ U.S.___, 142 S. Ct. 1708, 212 L. Ed. 2d 753 (2022).

- 505 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
312 NEBRASKA REPORTS
KINGERY CONSTR. CO. v. 6135 O ST. CAR WASH
Cite as 312 Neb. 502

period specified by applicable law, but in any case not more than 10 years after the date of Substantial Completion of the Work." Section 21.3 also provides that the parties "waive all claims and causes of action not commenced in accordance with [the agreement's] Section 21.3."

Kingery sued OSCW for breach of contract on April 16, 2021, seeking recovery of $41,698.57 allegedly owed to Kingery for work performed under the agreement, as well as attorney fees and interest under the Nebraska Construction Prompt Payment Act, codified at Neb. Rev. Stat. § 45-1201 et seq. (Reissue 2021).

OSCW moved to dismiss Kingery's complaint with prejudice on May 19, 2021, arguing that Kingery waived its breach of contract claim under § 21.3 of the agreement by filing suit on the claim, rather than commencing it in arbitration. Kingery responded by filing a demand for arbitration with the AAA on June 8 and a motion to stay the case for arbitration with the district court on June 9.

The AAA contacted OSCW and Kingery on June 23, 2021, to inform them that the matter was being administered under the "Fast Track Procedures" of the Construction Industry Arbitration Rules and that OSCW had until June 30 to make any answer or counterclaim.

The district court held a hearing on June 29, 2021, to consider Kingery's motion to stay and motion to compel arbitration, as well as OSCW's motion to dismiss. At the hearing, OSCW reiterated its argument that Kingery waived its breach of contract claim under § 21.3 of the parties' agreement. OSCW also argued that Kingery waived its right to stay the case for arbitration under § 3 of the FAA by its litigation-related conduct based on the three-part test of waiver set forth in *LaRue Distributing*.[3] Specifically, OSCW asserted that Kingery's knowledge of its right to arbitration cannot be disputed, given that "it's now trying to initiate an arbitration

---

[3] See *Good Samaritan Coffee Co. v. LaRue Distributing, supra* note 1.

- 506 -

Nebraska Supreme Court Advance Sheets
312 Nebraska Reports
KINGERY CONSTR. CO. v. 6135 O ST. CAR WASH
Cite as 312 Neb. 502

action"; that Kingery acted inconsistently with this right by filing suit; and that Kingery's litigation-related conduct prejudiced OSCW because there have been "hearing[s] on . . . a couple motions, travel time, time, and [the] expense of briefing this and so forth." OSCW further maintained that the motion to arbitrate was "prejudicial in and of itself" because Kingery filed it to avoid a court ruling "here, now at this time" dismissing its claim with prejudice. OSCW also asked the district court to stay the AAA arbitration case pending the court's decision.

Kingery disputed OSCW's interpretation of § 21.3 of the parties' agreement, arguing that it provides for waiver only of claims not brought within the prescribed time, rather than claims not commenced in arbitration. As to waiver under the FAA, Kingery did not dispute its awareness of its right to arbitration, but asserted "[n]o Court has ever held" that filing a lawsuit is inconsistent with the right to arbitration. Kingery also disputed OSCW's claim of prejudice because less than 2 months passed between when Kingery filed suit and when it moved for a stay and because OSCW had not yet briefed the issue. Kingery asserted this fell short of the litigation-related conduct seen in *LaRue Distributing.*

On June 30, 2021, 1 day after the hearing and the day OSCW's answer and counterclaim were due to the AAA, the district court granted OSCW's motion to stay the arbitration case.

Subsequently, on September 1, 2001, the district court reversed that order and granted Kingery's motion to stay the district court case under § 3 of the FAA. In so doing, the court adopted OSCW's arguments regarding Kingery's knowledge of its right to arbitration and action inconsistent with that right. However, the court agreed with Kingery that OSCW suffered no prejudice because of Kingery's litigation-related conduct. In so finding, it noted that it had not decided any substantive issue, that "less than 2 months" had passed between the lawsuit's filing and the motion for a stay, and

- 507 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
312 NEBRASKA REPORTS
KINGERY CONSTR. CO. v. 6135 O ST. CAR WASH
Cite as 312 Neb. 502

that "minimal litigation . . . ha[d] occurred to this point." The district court also noted that it did not reach the merits of OSCW's motion to dismiss with prejudice due to Kingery's alleged waiver of its claim under § 21.3 of the parties' agreement.

OSCW appealed to the Nebraska Court of Appeals, and we moved the matter to our docket. After oral argument in this court, we requested supplemental briefing by the parties addressing what constitutes default in proceeding with arbitration under § 3 of the FAA after the U.S. Supreme Court's decision in *Morgan*.[4] The parties promptly submitted supplemental briefs, which we have considered.

## ASSIGNMENTS OF ERROR

OSCW assigns, restated, that the district court erred in (1) requiring a showing of prejudice to prove a party waived its right to arbitration under the FAA, given that § 2 of the FAA calls for state law to be applied when determining whether agreements to arbitrate are valid and enforceable and that prejudice is not otherwise required to show waiver under Nebraska contract law, and, alternatively, (2) concluding OSCW was not prejudiced under the three-part test of waiver set forth in *LaRue Distributing*.[5]

## STANDARD OF REVIEW

[1,2] Whether a stay of proceedings should be granted and arbitration required is a question of law.[6] When reviewing questions of law, this court has an obligation to resolve the questions independently of the conclusion reached by the trial court.[7]

---

[4] See *Morgan v. Sundance, Inc., supra* note 2.

[5] See *Good Samaritan Coffee Co. v. LaRue Distributing, supra* note 1.

[6] *Noah's Ark Processors v. UniFirst Corp.*, 310 Neb. 896, 970 N.W.2d 72 (2022).

[7] *Id*.

- 508 -

Nebraska Supreme Court Advance Sheets
312 Nebraska Reports
KINGERY CONSTR. CO. v. 6135 O ST. CAR WASH
Cite as 312 Neb. 502

## ANALYSIS

The district court granted Kingery's motion to stay its breach of contract case against OSCW based on the three-part test of waiver that we adopted in *LaRue Distributing*.[8] Under this test, a party seeking arbitration may be found to have waived its right to arbitration if it (1) knew of an existing right to arbitration; (2) acted inconsistently with that right; and (3) prejudiced the other party by these inconsistent acts.[9] As relevant here, OSCW was required to show it was prejudiced by Kingery's litigation-related conduct. OSCW argued before the district court that it suffered such prejudice because of "hearing[s] on . . . a couple motions, travel time, time, and [the] expense of briefing this and so forth." However, on appeal, it also argued that prejudice should not be required when determining whether a party has waived its right to stay a case for arbitration.

It is generally true that when a party raises an issue for the first time in an appellate court, the court will disregard it because a lower court cannot commit error in resolving an issue never presented and submitted to it for disposition.[10] However, we have previously found that this rationale does not apply in cases, like this one, where the party would have had to ask a lower court not to follow a controlling decision from this court in order to preserve for appeal an issue that the party claims we incorrectly decided.[11]

As such, in light of the U.S. Supreme Court's decision in *Morgan*,[12] we agree and overrule our decision in *LaRue*

---

[8] See *Good Samaritan Coffee Co. v. LaRue Distributing, supra* note 1.

[9] *Id.*

[10] *Eletech, Inc. v. Conveyance Consulting Group*, 308 Neb. 733, 956 N.W.2d 692 (2021).

[11] See, e.g., *State v. Vann*, 306 Neb. 91, 944 N.W.2d 503 (2020); *Bassinger v. Nebraska Heart Hosp.*, 282 Neb. 835, 806 N.W.2d 395 (2011).

[12] *Morgan v. Sundance, Inc., supra* note 2.

- 509 -

Nebraska Supreme Court Advance Sheets
312 Nebraska Reports
KINGERY CONSTR. CO. v. 6135 O ST. CAR WASH
Cite as 312 Neb. 502

*Distributing*[13] and cases relying on it to the extent they can be read to hold that prejudice is necessary for a waiver based on litigation-related conduct.

## Jurisdiction

[3] Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it.[14] This is so even where, as here, neither party has raised the issue.[15] Under Neb. Rev. Stat. § 25-1911 (Reissue 2016), for an appellate court to acquire jurisdiction of an appeal, there must be a final judgment or final order entered by the tribunal from which the appeal is taken.[16]

[4] We have previously found that a court order staying an action pending arbitration is a final, appealable order under Neb. Rev. Stat. § 25-1902 (Cum. Supp. 2020) because it affects a substantial right and is made in a special proceeding.[17] In this context, a stay has the same effect as a dismissal, because the "'parties cannot litigate their dispute in state courts.'"[18] Accordingly, this court has jurisdiction to consider this appeal of the district court's order granting Kingery's motion to stay the pending case in district court.

## Prejudice as Requirement for Waiver

[5,6] Congress enacted the FAA[19] nearly a century ago, in 1925, with the stated goal of placing arbitration agreements

---

[13] *Good Samaritan Coffee Co. v. LaRue Distributing, supra* note 1.

[14] *Cullinane v. Beverly Enters. - Neb.*, 300 Neb. 210, 912 N.W.2d 774 (2018).

[15] *Id*.

[16] *In re Estate of Anderson*, 311 Neb. 758, 974 N.W.2d 847 (2022).

[17] *Citizens of Humanity v. Applied Underwriters*, 299 Neb. 545, 909 N.W.2d 614 (2018).

[18] *Id*. at 555, 909 N.W.2d at 624.

[19] 9 U.S.C. §§ 1 through 16 (2018).

- 510 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
312 NEBRASKA REPORTS
KINGERY CONSTR. CO. v. 6135 O ST. CAR WASH
Cite as 312 Neb. 502

"'upon the same footing as other contracts, where [they] belong[],'" and overcoming courts' "longstanding refusal" to enforce such agreements.[20] Section 2 of the FAA, sometimes described as its "key provision," provides that written arbitration agreements in contracts involving interstate commerce are "'valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.'"[21] The U.S. Supreme Court has held that state law applies when determining whether an arbitration agreement is valid and enforceable under § 2,[22] and we have found that the FAA preempts inconsistent state laws that apply solely to the enforceability of arbitration provisions in contracts involving interstate commerce.[23]

[7,8] Sections 3 and 4 of the FAA, in turn, "establish[] procedures" by which the "substantive rule" of § 2 may be implemented.[24] Specifically, they prescribe that "any . . . court[] of the United States" in which a suit or proceeding is brought on an issue that may be referred to arbitration shall stay the case for arbitration upon a party's application so long as the "applicant . . . is not in default in proceeding with . . . arbitration."[25]

---

[20] *Dean Witter Reynolds Inc. v. Byrd*, 470 U.S. 213, 219, 105 S. Ct. 1238, 84 L. Ed. 2d 158 (1985), quoting H.R. Rep. No. 96, 68th Cong., 1st Sess. (1924).

[21] *Prima Paint v. Flood & Conklin*, 388 U.S. 395, 400, 87 S. Ct. 1801, 18 L. Ed. 2d 1270 (1967), quoting 9 U.S.C. § 2.

[22] See, e.g., *Arthur Andersen LLP v. Carlisle*, 556 U.S. 624, 630-31, 125 S. Ct. 2129, 161 L. Ed. 2d 1008 (2009) ("'[s]tate law' . . . is applicable to determine which contracts are binding under § 2 . . . '*if* that law arose to govern issues concerning the validity, revocability, and enforceability of contracts generally'").

[23] See, e.g., *Aramark Uniform & Career Apparel v. Hunan, Inc.*, 276 Neb. 700, 757 N.W.2d 205 (2008); *Dowd v. First Omaha Sec. Corp.*, 242 Neb. 347, 495 N.W.2d 36 (1993).

[24] *Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63, 68, 130 S. Ct. 2772, 177 L. Ed. 2d 403 (2010).

[25] 9 U.S.C. § 3.

- 511 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
312 NEBRASKA REPORTS
KINGERY CONSTR. CO. v. 6135 O ST. CAR WASH
Cite as 312 Neb. 502

They similarly provide for a party aggrieved by another's "alleged failure, neglect, or refusal . . . to arbitrate" to ask the court for an order compelling arbitration.[26] We have noted that the U.S. Supreme Court has never held that these "procedural sections" of the FAA apply to state courts.[27] However, we have previously taken the view that § 3 applies to state court proceedings[28] and have ruled on motions to stay and compel made under §§ 3 and 4.[29]

In our 2008 decision in *LaRue Distributing*, we relied upon a test of waiver used by the Eighth Circuit that included prejudice when considering whether the district court erred in denying the defendants' motion to stay trial and compel arbitration under §§ 3 and 4 of the FAA.[30] Their agreement with the complainant required that "'[a]ll controversies relating to, in connection with, or arising out of this contract'" be settled by arbitration.[31] However, when the complainant sued for breach of contract and tortious interference with a business relationship, the defendants did not initially seek arbitration.[32] Instead, over a 3-year period, they served several sets of written discovery requests on the complainant,

---

[26] 9 U.S.C. § 4.

[27] See, e.g., *Kremer v. Rural Community Ins. Co.*, 280 Neb. 591, 599, 788 N.W.2d 538, 547 (2010).

[28] *Dowd v. First Omaha Sec. Corp., supra* note 23, 242 Neb. at 350, 495 N.W.2d at 39 ("[t]he U.S. Supreme Court has held that the FAA requires state courts, as well as federal courts, to grant stays pending arbitration"), citing *Moses H. Cone Hospital v. Mercury Constr. Corp.*, 460 U.S. 1, 26, 103 S. Ct. 927, 74 L. Ed. 2d 765 (1983) ("state courts, as much as federal courts, are obliged to grant stays . . . under § 3 of the [FAA]").

[29] See, e.g., *Cullinane v. Beverly Enters. - Neb.*, *supra* note 14; *Good Samaritan Coffee Co. v. LaRue Distributing, supra* note 1; *Dowd v. First Omaha Sec. Corp., supra* note 23.

[30] See *Good Samaritan Coffee Co. v. LaRue Distributing, supra* note 1.

[31] *Id.* at 676, 748 N.W.2d at 370.

[32] *Good Samaritan Coffee Co. v. LaRue Distributing, supra* note 1.

- 512 -

Nebraska Supreme Court Advance Sheets
312 Nebraska Reports
KINGERY CONSTR. CO. v. 6135 O ST. CAR WASH
Cite as 312 Neb. 502

exchanged pleadings, filed a counterclaim, and filed and received a ruling on a motion for summary judgment.[33] Only then did they move to stay the case and compel arbitration.[34] The district court denied the motion, the defendants appealed, and we affirmed.[35]

In so doing, we first noted that § 3 of the FAA requires a court case to be stayed for arbitration only if the party seeking the stay "'is not in default in proceeding with . . . arbitration'" and that "'default'" has been interpreted to "include" waiver.[36] We next applied the Eighth Circuit's test for waiver, without expressly holding that this test is required to be used.[37] In doing so, we found that all three factors "weigh[ed] in favor" of waiver in the *LaRue Distributing* defendants' case[38]: There was no contention or evidence that they were unaware of their right to arbitration, that they acted inconsistently with this right with their litigation-related conduct over 3 years, and that their conduct "had the inevitable effect of causing [the complainant] to expend substantial time and resources in connection with this case."[39]

The same Eighth Circuit test that we adopted in *LaRue Distributing*—and that the district court relied upon when granting Kingery's motion to stay this case—was at issue in the U.S. Supreme Court's decision on May 23, 2022, in *Morgan*.[40] Robyn Morgan had sued her former employer, Sundance, Inc., for alleged violations of federal labor law. As part of her job application, Morgan agreed to "'use confidential binding

---

[33] *Id*.

[34] *Id*.

[35] *Id*.

[36] *Id*. at 682, 748 N.W.2d at 374.

[37] *Good Samaritan Coffee Co. v. LaRue Distributing, supra* note 1.

[38] *Id.* at 684, 748 N.W.2d at 375.

[39] *Id*. at 686, 748 N.W.2d at 377.

[40] *Morgan v. Sundance, Inc., supra* note 2.

- 513 -

Nebraska Supreme Court Advance Sheets
312 Nebraska Reports
KINGERY CONSTR. CO. v. 6135 O ST. CAR WASH
Cite as 312 Neb. 502

arbitration, instead of going to court.'"[41] However, when Morgan sued, Sundance did not initially move to stay the case and compel arbitration. Instead, over a period of 8 months, it filed a motion to dismiss and an answer and engaged in mediation, before invoking arbitration.

The district court found that Sundance had waived its right to arbitration with its litigation-related conduct, but the Eighth Circuit disagreed on the grounds that Morgan suffered no prejudice because 4 of the 8 months were spent waiting for a decision from the court on a "quasi-jurisdictional" issue, no discovery was conducted, and Morgan would not need to "duplicate her efforts during arbitration."[42] Morgan sought review from the U.S. Supreme Court, which agreed to hear the case because the federal courts of appeals took different views as to whether prejudice is required to show a waiver of the right to arbitration under the FAA.[43] Morgan argued, like OSCW did on appeal before this court, that prejudice should not be required, because § 2 of the FAA calls for state law to be used in determining whether an agreement to arbitrate is enforceable and because state contract law generally does not require prejudice for a waiver. Sundance countered that waiver involves § 3, not § 2, and that thus, federal rules govern and impose no deadline for seeking arbitration.

The U.S. Supreme Court ruled in favor of Morgan, but based its decision on § 6 of the FAA, which, it observed, provides that "any application [to the court thereunder] 'shall be made and heard in the manner provided by law for the making and hearing of motions,'" except as otherwise therein expressly provided.[44] Specifically, the Supreme Court found that the phrase "any application" in § 6 of the FAA includes

[41] *Id.*, 142 S. Ct. at 1711.

[42] *Morgan v. Sundance, Inc.*, 992 F.3d 711, 715 (8th Cir. 2021), *vacated and remanded, Morgan v. Sundance, Inc., supra* note 2.

[43] *Morgan v. Sundance, Inc., supra* note 2.

[44] *Id.*, 142 S. Ct. at 1714, quoting 9 U.S.C. § 6.

- 514 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
312 NEBRASKA REPORTS
KINGERY CONSTR. CO. v. 6135 O ST. CAR WASH
Cite as 312 Neb. 502

applications to stay a court case and compel arbitration under §§ 3 and 4 of the FAA and noted that "a federal court assessing waiver does not generally ask about prejudice."[45] As such, the *Morgan* Court concluded that the Eighth Circuit erred in imposing an arbitration-specific requirement of prejudice. It noted that the Eighth Circuit and other federal courts which required prejudice did so based on the federal "'policy favoring arbitration,'" but found that that policy "does not authorize federal courts to invent special, arbitration-preferring procedural rules."[46]

[9] In light of the U.S. Supreme Court's decision in *Morgan*, we overrule our earlier decision in *LaRue Distributing* and cases relying on it to the extent they can be read to hold that prejudice is required for a waiver based on litigation-related conduct.[47] While the doctrine of stare decisis is entitled to great weight, it was never intended to indefinitely perpetuate erroneous decisions,[48] and *LaRue Distributing* is erroneous insofar as it appears to condition a waiver of the right to stay a case for arbitration under § 3 of the FAA upon a showing of prejudice. *LaRue Distributing* applied a three-part test of waiver used by the Eighth Circuit that the U.S. Supreme Court has held is erroneous. As such, continued application of the Eighth Circuit's test by this court would be erroneous. However, our decision leaves untouched the central holding of *LaRue Distributing* that the court, rather than the arbitrator, should generally determine whether a party waived its right to arbitration under the FAA based on litigation-related conduct.[49] Only the language adopting the Eighth Circuit's prejudice requirement is disapproved.

---

[45] *Id.*, 142 S. Ct. at 1713.

[46] *Id.*

[47] See, *Morgan v. Sundance, Inc., supra* note 2; *Good Samaritan Coffee Co. v. LaRue Distributing, supra* note 1.

[48] See *Heckman v. Marchio*, 296 Neb. 458, 894 N.W.2d 296 (2017).

[49] *Good Samaritan Coffee Co. v. LaRue Distributing, supra* note 1.

- 515 -

Nebraska Supreme Court Advance Sheets
312 Nebraska Reports
KINGERY CONSTR. CO. v. 6135 O ST. CAR WASH
Cite as 312 Neb. 502

In overruling this aspect of *LaRue Distributing*, we are aware that *Morgan* was directed to the federal courts and that questions have been raised about the application of the FAA generally and § 3 specifically to state court proceedings.[50] However, OSCW and Kingery both acknowledge that the FAA applies here under § 19.2 of the agreement, which calls for the FAA to govern arbitration proceedings if the parties select arbitration as their method of binding dispute resolution, as they did. Moreover, even if the parties were not of this view, we find nothing in *Morgan* to suggest that modifications must be made to our earlier decisions which, directly or inferentially, apply §§ 3 and 4 of the FAA to Nebraska state court proceedings at this time in light of the facts and circumstances of this case. OSCW asserts that the U.S. Supreme Court has "held that Section 3 is inapplicable to state court lawsuits," but the cases cited in support of this proposition state only that the U.S. Supreme Court has never held that § 3 applies to State court proceedings.[51]

*Morgan* also "assume[d] without deciding" that the federal courts are correct to "resolve[] cases like this one as a matter of federal law, using the terminology of waiver,"[52] and expressly gave the Eighth Circuit the option to determine whether Sundance knowingly relinquished the right to arbitration by acting inconsistently with that right or "determine

---

[50] See, e.g., *Badgerow v. Walters*, ___ U.S. ___, 142 S. Ct. 1310, 1326, 212 L. Ed. 2d 355 (2022) (Breyer, J., dissenting) ("we cannot be sure that state courts have the same powers under the FAA that federal courts have"); *DirectTV, Inc. v. Imburgia*, 557 U.S. 47, 136 S. Ct. 463, 193 L. Ed. 2d 365 (2015) (Thomas, J., dissenting) (FAA as whole inapplicable to state court proceedings); *Southland Corp. v. Keating*, 465 U.S. 1, 104 S. Ct. 852, 79 L. Ed. 2d 1 (1984) (O'Connor, J., dissenting; Rehnquist, J., joins) (§§ 3 and 4 of FAA inapplicable to state court proceedings).

[51] Supplemental brief for appellant at 14. See, *Volt Info. Sciences v. Leland Stanford Jr. U.*, 489 U.S. 468, 109 S. Ct. 1248, 103 L. Ed. 2d 488 (1989); *Southland Corp. v. Keating, supra* note 50.

[52] *Morgan v. Sundance, Inc., supra* note 2, 142 S. Ct. at 1712.

- 516 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
312 NEBRASKA REPORTS
KINGERY CONSTR. CO. v. 6135 O ST. CAR WASH
Cite as 312 Neb. 502

that a different procedural framework (such as forfeiture) is appropriate."[53] Nonetheless, we find that waiver remains a suitable term and focus for analysis for now. OSCW and Kingery agree that the standards for default, waiver, and forfeiture are much the same under Nebraska law, although they disagree about the conclusions to be drawn based upon the application of these standards in this case, and Nebraska law as to waiver is generally consistent with federal law.

[10] Under federal and Nebraska law, "waiver" of a right is voluntary and intentional relinquishment of a known right, privilege, or claim, and may be demonstrated by or inferred from person's conduct.[54] We have noted that an agreement to arbitrate can be waived by the parties.[55] We have further held that state law governs the formation of contracts, as well as the validity, revocability, and enforceability of contracts generally,[56] and the U.S. Supreme Court has declared that state contract law applies to contracts with arbitration agreements governed by the FAA.[57]

Since the district court here decided the matter upon a legal framework which has since been found erroneous and because waiver is a question of fact,[58] the matter must be remanded back to the trial court for further proceedings. Upon remand, the district court should apply our ordinary

---

[53] *Id.*, 142 S. Ct. at 1714.

[54] Compare *U.S. Pipeline v. Northern Natural Gas Co.*, 303 Neb. 444, 930 N.W.2d 460 (2019) (waiver of right under contract) with *State v. Figures*, 308 Neb. 801, 957 N.W.2d 161 (2021) (waiver of defendant's right to be present at trial) and *Morgan v. Sundance, Inc., supra* note 2 (similar as to contract and other cases).

[55] *Boyd v. Cook*, 298 Neb. 819, 906 N.W.2d 31 (2018).

[56] *Cullinane v. Beverly Enters. - Neb., supra* note 14.

[57] *Doctor's Associates, Inc. v. Casarotto*, 517 U.S. 681, 116 S. Ct. 1652, 134 L. Ed. 2d 902 (1996).

[58] See *Siouxland Ethanol v. Sebade Bros.*, 290 Neb. 230, 859 N.W.2d 586 (2015).

- 517 -

Nebraska Supreme Court Advance Sheets
312 Nebraska Reports
KINGERY CONSTR. CO. v. 6135 O ST. CAR WASH
Cite as 312 Neb. 502

waiver standards to determine whether Kingery has waived its right to arbitrate.

Because the order is reversed and the cause remanded to the district court for further proceedings, we need not consider OSCW's other assignments of error. An appellate court is not obligated to engage in an analysis that is not necessary to adjudicate the case and controversy before it.[59]

## CONCLUSION

Because we find prejudice is not required to prove a party waived its right to stay a court case pending arbitration under § 3 of the FAA after the U.S. Supreme Court's decision in *Morgan*,[60] we reverse the order of the district court and remand the cause for further proceedings consistent with this opinion.

Reversed and remanded for
further proceedings.

Heavican, C.J., not participating.

---

[59] *State v. Huston*, 298 Neb. 323, 903 N.W.2d 907 (2017).

[60] *Morgan v. Sundance, Inc., supra* note 2.